UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-62283-LEIBOWITZ/AUGUSTIN-BIRCH

XYZ CORPORATION,

    *Plaintiff*,

v.

THE INDIVIDUALS, PARTNERSHIPS,
and UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A",

    *Defendants.*

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's *Ex Parte* Motion for Leave to File Under Seal and to Temporarily Proceed Under Pseudonym (the "Motion") [ECF No. 4], filed on December 9, 2024, and a *sua sponte* review of the docket. Upon due consideration, the Motion [ECF No. 4] is **GRANTED IN PART AND DENIED IN PART**.

    **I.**    **Motion to File Under Seal [ECF No. 4]**

In its Motion, Plaintiff moves for the Court to grant leave authorizing Plaintiff to file under seal Schedule "A" which lists the defendants, individuals, partnerships, and unincorporated associations of Plaintiff's Complaint as well as other documents, and to temporarily proceed under a pseudonym until such time as Defendants are notified of this lawsuit. [ECF No. 4 at 1]. Plaintiff argues that sealing this portion of the file is necessary to prevent Defendants from learning of these proceedings prior to the completion of Plaintiff's investigation. [*Id.* ¶ 4]. In support if its request to temporarily proceed under a pseudonym, Plaintiff argues that if Defendants learn of Plaintiff's identity before Plaintiff completes its investigation, Defendants will be able to determine which U.S. Design

Patent is at issue in this lawsuit and will be able to evade prosecution for their infringements of Plaintiff's IP rights.  [*Id.* ¶ 5].  Plaintiff notes that foreign defendants dealing in counterfeit goods routinely work together in avoiding prosecution for their infringements of U.S. intellectual property.  [*Id.* ¶ 7].  For example, in China there are multiple chats (We Chats) and websites, such as "Seller Defense", which post intellectual property infringements lawsuits in various districts within the United States in an effort to aid the infringing defendants in undermining the plaintiff's efforts of enforcing their U.S. intellectual property rights.  *See* Seller Defense, https://sellerdefense.cn/allcase-2023/.

Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading" must "name all the parties[.]"  *See also In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) ("'Generally, parties to a lawsuit must identify themselves' in the pleadings." (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992))).  Rule 10(a) "does not merely further administrative convenience—'[i]t protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'"  *Id.* (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)).  But this rule is not absolute; a party may proceed under a pseudonym "only in 'exceptional case[s].'"  *Id.* (alteration in original) (quoting *Frank*, 951 F.2d at 323).

The Eleventh Circuit has established a totality-of-the-circumstances test to determine whether a plaintiff may proceed anonymously.  *Id.* at 1247 n.5.  The plaintiff must establish "a substantial privacy right [that] outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings."  *Id.* at 1247 (quoting *Plaintiff B*, 631 F.3d at 1315–16).  The court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns."  *Id.* (quoting *Plaintiff B*, 631 F.3d at 1316).  The first step is three prongs: whether the plaintiff "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct

2

and thus risk criminal prosecution." *Id.* (citing *Plaintiff B*, 631 F.3d at 1316). Two other factors to consider include whether the plaintiff "faces a real threat of physical harm absent anonymity" and whether the plaintiff's "requested anonymity poses a unique threat of fundamental unfairness to the defendant." *Id.* (citations omitted).

Here, regarding the first step, none of the three prongs apply. This suit does not involve government activity or Plaintiff's illegal conduct. Nor can it be said that Plaintiff's disclosure of its real name in this trademark suit constitutes "information of utmost intimacy," which generally involves issues of birth control, abortion, homosexuality, welfare rights of illegitimate children or abandoned families, personal religious beliefs, and some cases of explicit sexual conduct. *See Plaintiff B*, 631 F.3d at 1316, 1317; *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979)[1]. It is also undisputed that Plaintiff faces no threat of physical harm absent anonymity.

The last express factor is whether anonymity results in a "unique threat of fundamental unfairness" to Defendants. *See In re: Chiquita Brands Int'l, Inc.*, 965 F.3d at 1247. For example, "the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm." *S. Methodist Univ. Ass'n*, 599 F.2d at 713. In this case, the Court finds that there is no threat of fundamental unfairness to Defendants in allowing Plaintiff to temporarily proceed under a pseudonym. To the contrary, it is Plaintiff that potentially suffers economic harm and damage to its reputation by allowing Defendants—whose personal identities are essentially unknown—to become aware of Plaintiff's identity early enough to allow them to destroy online evidence or evade prosecution.

---

[1] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Although the Court appreciates the paramount importance of conducting judicial proceedings in public, the Court finds that Plaintiff's privacy right at this early stage of the litigation outweighs the need for Defendants and the public to be aware of Plaintiff's identity.  The Court also places significant weight on the fact that Plaintiff seeks to proceed under a pseudonym only temporarily—Plaintiff assures the Court that it will proceed under its real name once Defendants are served and their accounts restrained.  Additionally, because a foreign entity is monitoring the filings in this specific case in an effort to aid counterfeiters in evading prosecution, the Court finds that—in this unique situation—Plaintiff should be allowed to temporarily proceed under a pseudonym in the public filings.

Regarding Plaintiff's request to seal the Amended Complaint, Schedule A, copies of Plaintiff's U.S. Design patent registration, and web page captures of the Defendants' infringing e-commerce listings, the Court finds that good cause exists to temporarily seal these documents.  "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'"  *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (alteration in original) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001)).  Some non-exhaustive factors the court should consider in balancing the parties' interests include:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* (citations omitted).

Here, although Plaintiff does not have a traditional "privacy interest" in the sealed information, Plaintiff would likely suffer injury if the documents are made public at this time.  The information is reliable, as it was collected by Plaintiff and its agents in the investigation of the counterfeiting activity.  Defendants will have an opportunity to respond to the information once they are served.  The

4

information does not concern public officials, and it concerns the general public only insofar as the public also has an interest in ensuring that allegedly counterfeit products are removed from the market and the alleged counterfeiters are prosecuted. As Plaintiff seeks to seal the documents only temporarily, there is no less restrictive alternative to sealing the documents. Thus, Plaintiff is permitted to file certain documents under temporary seal: (1) Plaintiff's Amended Complaint; (2) Schedule A; (3) Copies of Plaintiff's U.S. Design Patent registration; and (4) Web page captures of the Defendants' infringing e-commerce listings. Plaintiff's request to file under seal the summons, its motion for entry of temporary restraining order, its motion for order authorizing alternate service of process, and its motion for leave to conduct expedited third party discovery is DENIED WITHOUT PREJUDICE. Plaintiff may move to file the summons and those motions under seal once the Court determines whether joinder is proper under Rule 20.

## II.   Order to Show Cause Regarding Joinder of Parties

On December 4, 2024, Plaintiff filed a Complaint in the above styled action [ECF No. 1] alleging the following:

> Without Plaintiff's permission or license, Defendants are manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's Patent within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule "A" (the "Seller IDs"). As a result, Plaintiff is enduring continuous damages to its design patent at the hands of the Defendants herein, who unlawfully reproduce goods utilizing Plaintiff's Patent to sell for substantial profits. Furthermore, the goodwill associated with Plaintiff's Patent is being harmed by Defendants tricking and confusing the public.

Compl. ¶¶ 3–4.

Rule 20 of the Federal Rules of Civil Procedure provides in relevant part that:

> [p]ersons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added).  Moreover, Rule 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "Joinder is 'strongly encouraged' and the rules are construed generously 'toward entertaining the broadest possible scope of action consistent with fairness to the parties.'" *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 839 (11th Cir. 2017) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). "However, district courts have 'broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices.'" *Id.* (quoting *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002) (per curiam)).

As the Court of Appeals for the District of Columbia has observed, "[s]imply committing the same type of violation in the same way does not link defendants together for the purposes of joinder." *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014) (quoting *Hard Drive Productions, Inc. v. Does 1-30,* 2011 WL 4915551, at *3 (E.D. Va. 2011) (alterations in original)).  Further, conclusory allegations of connectivity do not establish a sufficient connection between Defendant to permit joinder.  *Id.* (citing *Ilustrata Servicos Design, Ltda. v. P'ships & Unincorporated Ass'ns*, 2021 WL 5396690, at *2 (N.D. Ill. Nov. 18, 2021)).  On those grounds, at least one court in this district has held that a plaintiff who alleged "Defendants are 'concurrently employing and benefitting from substantially similar advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of one or more of Plaintiffs' Marks'" cannot satisfy Rule 20's requirements.  *Omega, SA v. Individuals, Bus. Entities, & Unincorporated Associations Identified on Schedule "A"*, 2023 WL 2248233, at *2 (S.D. Fla. Jan. 14, 2023).

The Complaint does not sufficiently discuss whether joinder of all the Defendants is proper.  As such, Plaintiff has failed to explain how Defendants' alleged infringements are logically related.  Plaintiff fails to sufficiently allege how Defendants' alleged infringements are properly understood as the *same* infringement of Plaintiff's intellectual property rights, nor does Plaintiff sufficiently allege

6

how ordering joint and several relief against Defendants is proper here.  The Court is accordingly unconvinced that joinder is proper under Rule 20, particularly in view of the finding in *Omega SA*, 2023 WL 2248233, at *2, that joinder is improper upon similar allegations.  Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion [**ECF No. 4**] is **GRANTED IN PART AND DENIED IN PART**.

    a. Plaintiff is permitted to temporarily proceed under a pseudonym. Plaintiff shall reveal its actual name and shall move to unseal all sealed documents once Defendants have been served.

    b. **No later than December 20, 2024**, Plaintiff may file the documents below electronically (through CM/ECF) under seal, and these documents will remain under seal until further order of the Court.

        (i) Plaintiff's Amended Complaint, which will identify and include additional allegations regarding Plaintiff;

        (ii) Schedule "A" to the Amended Complaint lists with specificity the defendants, individuals, partnerships, and unincorporated associations in Plaintiff's Complaint;

        (iii) Copies of Plaintiff's U.S. Design Patent registration with relevant samples attached to the Amended Complaint; and

        (iv) Web page captures of the Defendants' infringing e-commerce listings subject of Plaintiff's IP infringement claim,

    c. Plaintiff's request to file under seal the summons, its motion for entry of temporary restraining order, its motion for order authorizing alternate service of process, and its motion for leave to conduct expedited third party discovery is DENIED WITHOUT

        PREJUDICE.  Plaintiff may move to file the summons and those motions under seal once the Court determines whether joinder is proper under Rule 20.

3. Plaintiff shall file a response to this Order **no later than December 31, 2024**, setting forth why joinder of Defendants is proper under Rule 20.  Plaintiff's response should further explain how Defendants' alleged infringements are related to one another, and why these patent infringements should be considered the *same* rather than *similar* infringements for Rule 20 purposes.  Plaintiff should also provide authority to guide the Court's review.  If the technical requirements of joinder under Rule 20 are met in this action, Plaintiff shall also set forth whether joinder of Defendants promotes judicial economy.  *See Omega, SA*, 2023 WL 2248233, at *3 (finding judicial economy undermined where court must still evaluate evidence submitted against each Defendant in support of liability and damages and exercising discretion not to join defendants under Rule 20).

4. Plaintiff shall further show cause why the Court should not drop parties under Rule 21.

**DONE AND ORDERED** in the Southern District of Florida on December 10, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:    counsel of record